United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 19, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40237
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSMIN ALEXANDER BARRERA, also known as Armando Guevara,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-1831
--------------------

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Osmin Alexander Barrera pleaded guilty to being illegally
present in the United States following deportation and was
sentenced to a 46-month term of imprisonment.  Barrera argues
that the district court erred by enhancing his offense level
based on its finding that Barrera's prior Florida conviction for
aggravated battery was a crime of violence under U.S.S.G.
§ 2L1.2(b)(1)(A)(ii).  Barrera also argues that the felony and
aggravated felony provisions of 8 U.S.C. § 1326(b) are

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and subsequent Supreme Court decisions.

The district court did not err by increasing Barrera's offense level pursuant to § 2L1.2(b)(1)(A)(ii) based on the determination that a prior Florida aggravated battery conviction was a crime of violence. See <u>United States v. Dominguez</u>, 479 F.3d 345, 347-49 (5th Cir. 2007). The sentence enhancement was proper because Barrera's prior conviction had as an element at least a threatened use of force. See <u>id.</u> at 348-49.

Barrera's constitutional challenge to § 1326(b) is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although Barrera contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. See <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir. 2005). Barrera properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.